JOHN C. HARDMAN & WIFE *v.* SAMUEL A. BARCLAY, ETC.

**Ejectment—Proper Parties—Tenant in Possession Must be Sued—Defective Allegation.**
The original petition was defective in not distinctly stating who was in possession of the land sought to be recovered, and the alternative averment in the amendment, that the property was in the actual possession of the defendant or some tenant under her. The tenant in possession must be sued.

**Ejectment—Constructive Possession—Legal Title.**

One who does not hold the legal title cannot be constructively in the possession of real estate.

APPEAL FROM WARREN CIRCUIT COURT.

April 13, 1871.

OPINION BY JUDGE PETERS:

Appellants, according to the allegations of their petition, have the legal title to the part of the lot therein described and have the right to the possession thereof. The Civil Code defines their remedy, and the proper court in which to seek it, and a form of a petition for the recovery of real estate is appended thereto, the original petition was defective in not distinctly stating who was in the possession of the part of the lot sought to be recovered; and the amendment did not remedy the defect, the alternative averment that the property was in the actual possession of Stubbins, "or some tenant under her," does not state who is in fact in possession; the tenant in possession must be sued, and the averment as to who that person is must be direct and positive. Stubbins, according to the petition, may or may not be in possession, consequently it is uncertain whether appellants have a cause of action against her or not, nor is the averment amended by the expression that she is "actually or constructively in possession." One who does not hold the legal title cannot be constructively in possession of real estate. If appellants' original, or amended petition, had stated facts sufficient to constitute a cause of action, it would have been proper for the court below to have transferred the case to the court having common law jurisdiction; but as neither contained such facts there was no error in dismissing them without prejudice to another action.

Wherefore the judgment is affirmed.

*Rodes, for appellant.*

*Dulaney, for appellee.*